**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5129

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ANTHONY STUKES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan, Chief
District Judge. (7:05-cr-00140-FL)

Submitted: June 29, 2007          Decided: July 16, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Diana Pereira, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant. Anne
Margaret Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Stukes pled guilty to possession with intent to distribute cocaine base and use and carry of a firearm during or in relation to a drug trafficking offense. He was sentenced within his advisory guideline sentencing range to 285 months in prison. On appeal, his attorney has filed an Anders[1] brief, noting that, because Stukes waived the right to appeal his sentence in his plea agreement, there were no meritorious issues on appeal. Nonetheless, the brief questions whether Stukes' sentence was unreasonably harsh. Although informed of his right to do so, Stukes has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the waiver. We grant the motion in part and dismiss the appeal of Stukes' sentence. After a review of the record under Anders, we affirm Stukes' conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C.A. § 3742 (West 2000 & Supp. 2007). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a knowing and intelligent decision to forgo the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has effectively waived his right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

---

[1] Anders v. California, 386 U.S. 728 (1967).

To the extent Stukes is appealing his sentence, we grant the Government's motion to dismiss. The district court's plea colloquy was thorough and conformed to the dictates of Fed. R. Crim. P. 11. Moreover, Stukes does not challenge the voluntariness of his waiver. Because Stukes knowingly and voluntarily entered into the plea agreement, the waiver is enforceable.

The waiver expressly precluded Stukes from appealing any sentence that was either within or below the advisory Sentencing Guidelines range. Because the sentence imposed was within the advisory range, any challenge to the district court's sentence, including Stukes' claims that his sentence was unreasonably harsh, falls within the scope of that waiver. As such, we grant the Government's motion to dismiss Stukes' appeal to the extent that Stukes appeals his sentence.[2]

However, the waiver's enforceability does not completely dispose of this appeal. Our interpretation of Stukes' plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). The appellate waiver was limited to Stukes' right to appeal his sentence. Accordingly, the waiver provision does not foreclose Stukes' right to appeal with respect

---

[2]Stukes asserts that the Government should have moved to dismiss earlier in the proceedings and that its failure to do so has caused "the wasteful use of limited resources." (Motion at p. 2). However, because Stukes' waiver did not cover all possible appellate issues, the Government could not move to dismiss the appeal until it was clear what issues were being raised.

to issues not expressly covered by the waiver. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). As such, we deny the Government's motion to dismiss as it relates to the convictions.

Although Stukes does not raise a specific challenge to his guilty plea, pursuant to Anders, we must also review Stukes' conviction for any potentially meritorious issues. As outlined above, a review of the Rule 11 hearing demonstrates that Stukes' plea was knowing and voluntary, and he does not assert otherwise. Accordingly, his convictions are affirmed.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

- 4 -